IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TERRENCE EDWARD LADD,** | § | Plaintiff demands a Trial by Jury |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 6:19-cv-429** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff hereby complains of the United States of America ("Defendant"), and would respectfully show the Court the following:

### A. PARTIES

Plaintiff, TERRENCE LADD, is an Individual and Texas resident who resides in Killeen, Bell County, Texas, and he may be served with any documents in this lawsuit by serving his attorneys of record named below.

The Defendant, the United States of America (hereinafter "USA") may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of Plaintiff's Original Complaint on John F. Bash, United States Attorney for the Western District of Texas, by certified mail, return receipt requested at his office, United States Attorney, Western District of Texas, 800 Franklin Avenue, Suite 280, Waco, TX 76701, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on William Barr, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001, to the attention of the Civil Process Clerk.

## B. JURISDICTION

The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because this is a suit against an agency of the UNITED STATES OF AMERICA for personal injury damages. Moreover, this action arises under the Federal Tort Claims Act 28 U.S.C. § 2671, *et. sec.*, as the claims presented herein are for personal injuries and physical damage arising out of an automobile collision on August 9, 2017.

## C. VENUE

Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), and 28 U.S.C. § 1402(b) as the UNITED STATES OF AMERICA is a Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## D. CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred.

## E. FACTS

This lawsuit arises from a collision that occurred on August 9, 2017, at Fort Hood, Coryell County, Texas. This action is for monetary damages sustained by the Plaintiff resulting from personal injuries caused by a number of negligent acts and omissions of CHRISTOPHER DAVID WALFORD, an employee of the United States Army stationed at Fort Hood.

Plaintiff, TERRENCE LADD, was traveling north on West Range Road, and was at all times using due care in the operation of said vehicle. CHRISTOPHER DAVID WALFORD was operating a 2015 General Dynamics Stryker and was stopped in the northbound lane on West Range Road. While so stopped, CHRISTOPHER DAVID WALFORD was using blackout drive (no lights on), at night, and on a public street in violation of Fort Hood Regulations, to whit:

> **INVESTIGATOR'S STATEMENT**   MPI NUMBER   MPR NUMBER 551-2017-TAX034
>
> PAGE 1 OF 3 PAGES
>
> **DETAILS**
> This statement is intended to elaborate on or clarify information not contained elsewhere in this report or investigation.
> **Incident:** Traffic Collision, Vehicle to Vehicle, with Injuries Reported
> Duty to Display Lights (Drove Without Lights, When Required) Fort Hood Reg 190-5
> Use of Black out drive on a Public Roadway Fort Hood Reg 350-40

Unable to see the Stryker, Plaintiff crashed in to the back of the vehicle operated by CHRISTOPHER DAVID WALFORD.

The vehicle in which CHRISTOPHER DAVID WALFORD was driving sustained minor functional damage to the rear end. TERRENCE LADD's vehicle sustained disabling damage to the front-end sides and under carriage. TERRENCE LADD and CHRISTOPHER DAVID WALFORD's passenger, CHRISTOPHER ALLEN DEFEHER, were transported to Carl R. Darnall Army Medical Center by EMS where they were further evaluated and treated for injuries.

As a direct and proximate result of CHRISTOPHER DAVID WALFORD's negligence, including but not limited to, his failure to follow safety regulations and utilize safety equipment readily available, and his negligent operation of a United States Army General Dynamics Stryker, caused serious bodily injuries and damages to Plaintiff.

Subsequent to this collision, Plaintiff forwarded the required SF-95 form and a demand packet to the United States Government on February 7, 2019. At this time, Plaintiff is still pending a response.

## F.
## LIABILITY OF THE UNITED STATES OF AMERICA

Plaintiff adopts by reference the allegations contained above and all other counts of this Complaint with the same effect as if herein fully set forth.

At the time of the collision, CHRISTOPHER DAVID WALFORD was in the course and

scope of his employment for the Defendant. Therefore, the Defendant is responsible for the actions of its employee at the time of the collision.

This case is commenced and prosecuted against the Defendant pursuant to and in compliance with the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Liability of the Defendant is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence, wrongful acts, and/or omissions of an employee of the Defendant who was working for the United States Army in Fort Hood, Texas, while acting within the scope of his office or employment, under circumstances where the Defendant, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

## G.
## NEGLIGENCE

Plaintiff adopts by reference the allegations contained above and all other counts of this Complaint with the same effect as if herein fully set forth.

CHRISTOPHER DAVID WALFORD, as an employee of the Defendant, had a duty to exercise ordinary care and operate the vehicle reasonably and prudently, and to adhere to the laws of the State of Texas. At the time of the collision, CHRISTOPHER DAVID WALFORD was operating the vehicle negligently and breached the aforementioned duties in one or more of the following ways:

   a. Failing to display lights when required;

   b. Use of blackout drive on a public roadway;

   c. Failing to yield the right of way; and

   d. Failing to keep a proper lookout.

As a direct and proximate result of CHRISTOPHER DAVID WALFORD's negligence,

the Plaintiff was seriously injured and incurred medical expenses, lost wages, and other actual and special damages, including future medical bills and lost wages. Under the laws of the State of Texas, a private person would be liable to plaintiff for these negligent acts and/or omissions. Thus under 28 U.S.C. § 2674, the UNITED STATES OF AMERICA is liable to Plaintiff for his damages resulting from the personal injury.

## H.
## RESPONDEAT SUPERIOR

Plaintiff adopts by reference the allegations contained above and all other counts of this Complaint with the same effect as if herein fully set forth.

The United States Army is an agency of the Defendant. At all times material hereto, all agents, servants, and/or employees of the Defendant, including CHRISTOPHER DAVID WALFORD, were acting within the course and scope of employment and/or official duties. Furthermore, at all times material hereto, all agents, servants, and/or employees of the Defendant were acting in furtherance of the duties of their office and/or employment. Therefore, the Defendant is responsible for all damages resulting from the negligent acts and/or omissions of their agents, servants, and/or employees pursuant to the Doctrine of Respondeat Superior.

## I.
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

Plaintiff adopts by reference the allegations contained above and all other counts of this Complaint with the same effect as if herein fully set forth.

The Defendant was negligent in their hiring and retention of CHRISTOPHER DAVID WALFORD. The Defendant was negligent in failing to properly train and/or supervise CHRISTOPHER DAVID WALFORD in the safe operation of his vehicle. The Defendant's negligence in hiring and retaining CHRISTOPHER DAVID WALFORD as a driver, and failing

to train and supervise him properly, was the proximate cause of the collision and Plaintiff's resulting injuries and damages.

## J.
## DAMAGES

As a direct and proximate result of the Defendant's negligence, Plaintiff suffered the following injuries and damages in both the past and in all likelihood will continue to suffer in the future.

    A.    Reasonable medical care and expenses;

    B.    Physical pain and suffering;

    C.    Physical impairment;

    D.    Loss of earnings;

    E.    Disfigurement; and

    F.    Mental anguish.

## K.
## PRAYER

Plaintiff requests that Defendant be cited in terms of law to appear and answer herein. Plaintiff further requests that Plaintiff has judgment against Defendant for the amount of actual damages, all other damages under applicable federal and state law to which he is entitled, pre-judgment and post-judgment interest at the applicable legal rates, for all recoverable Court costs incurred in this litigation, and for such other and further relief to which Plaintiff may show himself entitled.

    Respectfully submitted,

    THE CARLSON LAW FIRM, P.C.
    100 E. Central Texas Expressway
    Killeen, Texas 76542
    (254) 526-5688

FAX (254) 526-8204
E-Service: efilekpi@carlsonattorneys.com

By: */s/ Michael G. Erskine*
Michael G. Erskine
SBN: 24036530
merskine@carlsonattorneys.com
cc: rkelly@carlsonattorneys.com
cc: awood@carlsonattorneys.com
**Attorney for Plaintiff**